NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PARDEEP KUMAR; SUMAN DEVI; I. C., | No. 25-1393 |
| Petitioners, | Agency Nos. A240-742-664 A240-741-669 A240-742-670 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Petitioners Pardeep Kumar, Suman Devi, and I.C., natives and citizens of

India, seek review of the Board of Immigration Appeals's (BIA) decision dismissing

an appeal from the Immigration Judge's (IJ) decision, which denied their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Petitioners challenge the agency's adverse credibility finding. We review the reasons underlying this finding for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021). "To reverse the BIA, we must determine that the evidence not only supports a contrary conclusion, but compels it." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (cleaned up). Here, the evidence supports the agency's conclusion, which was premised on the IJ's detailed findings related to Petitioners' material inconsistences, omissions, and demeanor.

First, inconsistencies between a petitioner's application and testimony can support an adverse credibility finding. *See Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022). Petitioners' testimonies regarding Kumar's brother residing in the United States since 2017 were inconsistent with their initial Forms I-589, which stated his brother was living in India. Furthermore, Petitioners' testimonies regarding their education and employment were inconsistent with their answers on their Forms I-589. These inconsistencies support the IJ's adverse credibility finding.

Second, omissions within a petitioner's asylum application may support an adverse credibility determination. *See Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020). Omissions are probative of credibility to the extent that later disclosures

would bolster an earlier, weaker application. *Id.* at 1068. Petitioners testified that Kumar's father received threatening phone calls and was attacked in January 2021 by Bharatiya Janata Party members. But Petitioners did not mention this attack in their declarations. Kumar's father also did not mention this attack in his own written statement. These omissions provide further evidence for an adverse credibility finding.

Finally, an adverse credibility determination may be based on a finding that a petitioner's demeanor undermined his credibility. *See Kalulu v. Bondi*, 128 F.4th 1009, 1017 (9th Cir. 2024). An IJ's demeanor findings are given special deference as the IJ uniquely observes demeanor first-hand. *Id.* The IJ identified changes in Kumar's demeanor when Kumar was asked about the discrepancies in the record. The IJ observed that he was nonresponsive and that his answers were not consistent with the questions being asked. This demeanor finding further supports the adverse credibility finding.

2. While an adverse credibility finding does not automatically doom a CAT claim, Petitioners have failed to point to any evidence in the record sufficient to independently establish eligibility for asylum, withholding of removal, or CAT protection. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) ("In this case . . . [Petitioner's] claims under the Convention Against Torture are based on the

same statements . . . that the BIA determined to be not credible.").  We therefore

deny the petition for review.[1]

     **DENIED.**

---

[1] Petitioners' motion to stay removal (Dkt. 3) is denied as moot.